Caldwell, J.
A number of objections are presented,'by complainant’s counsel, to the assessment and mode of proceeding, in the collection of this tax, which, it is contended, render* the proceedings illegal.
*322 The first objection we shall notice is, that the city council could not assess and collect a tax, in 1848, for lighting the city for the year commencing in October, 1845.
The 25 th section of the city charter provides, that it shall not be lawful for the city council to make or authorize any contract, by ordinance or otherwise, for the payment of money at any day beyond the current fiscal year, in which such contract is made, except as provided in the preceding section. (The preceding section here referred to, merely authorizes the city to borrow $80,000, to pay the unfunded debt of the city.) The 25th section further provides: “ Nor shall it be lawful for said city council to contract or authorize any loan, except as hereinbefore excepted, not predicated upon the revenues of the current fiscal year, in which such loan is made. If any city council shall contract or authorize a debt or loan, in either of the cases specified, contrary to the provisions of this section, every such contract is hereby declared illegal and void, as against he property and revenues of the city, and of full force and obligation against the separate private estates of every member of the city council, who was present in council when such debt or loan was contracted or authorized, and who did not record his vote against the same, and forthwith make known the fact, through some newspaper of general circulation in the city.”
The latter part of the section provides, that the holder of any such debt or loan may proceed against any one, or all, or any intermediate number of the members of the city council, on such claim.
By this section of the charter, the legislalure have, in the most explicit manner, prohibited the city council from contracting any debt beyond the fiscal year. If the city council had, at the time the contract was made, in 1845, passed an ordinance that the expense of lighting for that year, should be paid in 1848, by a tax then assessed for that purpose, it would have come within the letter of the prohibition. It is none the less a violation of its spirit, that the council did not pass the ordinance providing for its payment, until 1848. This restriction on the *323 city council is a wise and beneficial provision, and the good of the city requires that it should be strictly complied with.
Another objection has been taken to the adding three per cent, on the amount of the tax for collector’s fees.”
The city council have no authority for levying and collecting special taxes except for specified purposes. In this instance, they were only authorized to collect taxes for lighting the city. They must act strictly within the provisions of their charter — they can add nothing to the tax bjr implication.
The collector is an officer of the city, and his services must be paid for out of the general revenues of the city, unless otherwise provided for by the charter. The same may be said of the mayor’s fees. Neither could have been collected in this way, if the tax had been legal.
On the point whether the city have power to sell real estate in this way, for this kind of tax, the court have not been able to agree. We have not thought it necessary to pass on the other points made in the case.
We believe the tax was assessed without authority of law, and will therefore decree that the city be perpetually injoined from proceeding to collect it.